UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAVON HIGGINS,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendant. | Civil Action No.: 15-1409<br><br>OPINION |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court upon motion of Defendants Wells Fargo Bank N.A. ("Wells Fargo") and Select Portfolio Servicing, Inc. ("SPS") (collectively "Moving Defendants") to dismiss *pro se* Plaintiff Javon Higgins's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 35. Plaintiff opposes the motion. ECF No. 41. Also before the Court are Plaintiff's motions to restore electricity, for sanctions pursuant to Federal Rule of Civil Procedure 11, to join Milstead and Associates, LLC ("Milstead") as a defendant, and for preliminary injunctive relief. ECF Nos. 36, 38, 45, 47. Moving Defendants opposed the motions to restore electricity, for sanctions, and for preliminary injunctive relief. ECF No. 39, 48. No oral argument was heard. See Fed. R. Civ. P. 78. For the reasons set forth below, Moving Defendants' motion is granted, claims against the remaining Defendants[1] are dismissed, and Plaintiff's motions are denied.

---

[1] The remaining defendants are: City of Orange Township, City of Orange Police Department, Orange Police Officers W. Coley and M. Jackson in their official capacity, City of Orange Electrical Inspector Robert Piotrowski in his official capacity (collectively "Municipal Defendants"), and Milstead.

1

## II. BACKGROUND

Plaintiff Javan Higgins is a resident of the property located at 207 Heywood Ave, Orange, New Jersey (the "Property"). Fourth Amended Complaint[2] ("Compl."), ECF No. 34, at 1.[3] Plaintiff's former girlfriend, Anne Marie Ward, was the owner of the Property and executed a mortgage on the Property in 2005. Brief in Support of Motion to Dismiss Plaintiff's Fourth Amended Complaint ("Def. Mot."), ECF No. 35 at 2.[4] The Complaint states Plaintiff and Ms. Ward executed a lease with an option to buy and a quitclaim deed, giving Plaintiff and his company an interest in the Property. Compl. ¶ 6.

A default judgment in a foreclosure action was entered against Ms. Ward on June 16, 2008. Def. Mot. at 2. On March 6, 2009, following a Sheriff's sale, a Sheriff's Deed was delivered to Defendant Wells Fargo, as Trustee, on behalf of the Certificate holders of Secured Asset Backed Receivables LLC Trust 2005-FR3, Mortgage Pass-Through Certificates, Series 2005-FR3 (the "Trust"). Def. Mot. at 1, Ex. 2.[5] SPS is the loan servicer of the Trust. Def. Mot. at 2. Despite this sale, Plaintiff has remained on the property. Def. Mot. at 3.

Plaintiff filed eight separate bankruptcy petitions between 2009 and 2015. Def. Mot. at 5.

---

[2] The record indicates Plaintiff did not file his Third Amended Complaint, although it was submitted as a proposal to the Court. See ECF No. 20. This Opinion will reference the Complaint filed on April 6, 2016 as the Fourth Amended Complaint.

[3] The Complaint contains both numbered and unnumbered paragraphs. For purposes of this opinion, the Court will refer to page numbers for the unnumbered paragraphs.

[4] In his Reply Brief, Plaintiff "concedes the procedural history as stated by Defendants." Amended Reply to Motion to Dismiss ("Pl. R."), ECF No. 41 at 2.

[5] Plaintiff does not dispute the authenticity of any documents attached by Defendants. The Court will consider these documents for the purpose of Moving Defendants' motion. See Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993) ("[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied.").

Plaintiff also filed his first federal complaint regarding the foreclosure action in this district in 2013. See Higgins v. Milsted & Associates, LLC, No. 14-cv-5917-MCA-LDW (D.N.J. May 19, 2016). Judge Madeline Cox Arleo dismissed that action with prejudice in May 2016. See id. ECF No. 12.

Plaintiff initiated this action against Moving Defendants on February 24, 2015, alleging Defendant Wells Fargo failed to provide electricity to the Property. ECF No. 1. Additionally, Plaintiff filed a state court action, docketed in the Superior Court of New Jersey, Essex County, at Case No. DC-3526-15 (the "State Action"). Def. Mot. at 3. Plaintiff filed his First Amended Complaint on June 5, 2015, in which he named the Municipal Defendants and Milstead, and his Second Amended Complaint on July 6, 2015. ECF Nos. 12, 15.

In July and August 2015, Moving Defendants and Municipal Defendants filed independent motions to dismiss the Second Amended Complaint. ECF Nos. 16, 19. On September 29, 2015 Plaintiff filed a Motion for Leave to File an Amended Complaint, to which he attached his proposed Third Amended Complaint. ECF No. 20. The Court granted Plaintiff's motion on February 29, 2016, and denied Defendants' pending motions to dismiss as moot. ECF No. 26. Plaintiff sought an extension of time to file with Judge Mark Falk, and filed the Fourth Amended Complaint ("the Complaint") on April 6, 2016. ECF Nos. 31, 34.

Defendant Wells Fargo brought an eviction action against Plaintiff in Landlord Tenant Court for nonpayment in 2015. Def. Mot. at 5. That action was stayed and dismissed without prejudice because of Plaintiff's multiple bankruptcy filings. Id. Movants filed a second eviction action on December 17, 2015. Id. The second eviction action proceeded to trial on March 7, 2016 in the Superior Court of New Jersey, Essex County. See id. at Ex. 5. During this proceeding, the court granted possession of the Property to Defendant Wells Fargo. Id. at 27.

On March 3, 2016, Plaintiff filed a Motion to Stay in this Court, and on March 15, 2016, he filed a Motion for an Order to Show Cause. ECF Nos. 27, 29. On March 31, 2016, this Court denied both of Plaintiff's motions. ECF No. 33. On April 28, 2016, Moving Defendants filed the instant motion to dismiss. Municipal Defendants and Milstead have not moved as to Plaintiff's Fourth Amended Complaint.

### III. LEGAL STANDARD

#### A. Dismissal Pursuant to Federal Rule of Civil Procedure Rule 12(b)(6)

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

#### B. Liberal Pleading Standard for *Pro Se* Litigants

Because Plaintiff is a *pro se* litigant, his filings are entitled to a liberal construction. See Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003). A *pro se* litigant's complaint is held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S.

4

519, 520-21 (1972). This Court therefore has a special obligation to discern both the nature of the relief and the appropriate law to govern his request. Id. Courts have a duty to construe pleadings liberally and apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name. Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244 (3d Cir. 2013); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002). A *pro se* complaint "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (citing Haines, 404 U.S. at 520-21).

## IV. DISCUSSION[6]

### A. Federal Claims

While Plaintiff appears to bring this action complaining of a sale of the Property and fraudulent conduct in the foreclosure action, it is unclear what causes of action he is asserting. Liberally construing the Fourth Amended Complaint, it appears Plaintiff has identified three federal causes of action: the Racketeer Influence and Corrupt Organizations Act ("RICO"), the Fair Debt Collection Practices Act ("FDCPA"), and 42 U.S.C. § 1983. However, even under a

---

[6] As an initial matter, Plaintiff appears to challenge the foreclosure action based on the alleged invalidity of the Mortgage Assignment. The Court notes Plaintiff lacks standing to challenge the Mortgage assignment, because Plaintiff was neither a party to nor intended third-party beneficiary of the pool service agreement or assignments, and Plaintiff was not a party to the Mortgage. See Gilarmo v. U.S. Bank NA ex rel. CSAB Mortgage Backed Trust 2006-1, 643 F. App'x 97, 100 (3d Cir. 2016) (agreeing with the "overwhelming majority of courts" that "a borrower in default has no standing to challenge an assignment said to violate a pooling service agreement"); English v. Fannie Mae, No. 13-2028, 2013 U.S. Dist. LEXIS 167906, at *10 (D.N.J. Nov. 26, 2013). Alternatively, to the extent that Plaintiff may have standing to challenge the foreclosure action, the Rooker-Feldman doctrine strips this Court of jurisdiction to grant such relief. See S. Washington Ave., L.L.C. v. Wilentz, Goldman & Spitzer, P.A., 259 F. App'x 495, 498 (3d Cir. 2007) ("Under the Rooker–Feldman doctrine, federal district courts lack subject matter jurisdiction over actions in which relief is sought that would effectively reverse a state court decision or void its ruling." (internal citation and quotation marks omitted)). In light of the liberal pleading standard granted to *pro se* litigants, the Court will also consider whether Plaintiff has sufficiently stated a claim.

liberal pleading standard, these claims have not been sufficiently plead.

Here, the Court cannot discern that Plaintiff alleged any of the specific elements required to state a RICO claim. Pursuant to 18 U.S.C. § 1962(c), it is unlawful for "'any person' who is employed by or 'associated with any enterprise' affecting interstate commerce to 'participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.'" In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 245 (3d Cir. 2012). Here, as Plaintiff has not alleged any of the required elements, Plaintiff fails to sufficiently state a RICO claim.

Plaintiff also fails to state a claim under the FDCPA. In relevant part, the FDCPA provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Barrows v. Chase Manhattan Mortg. Corp., 465 F. Supp. 2d 347, 353-54 (D.N.J. 2006) (citing 15 U.S.C. § 1692f). Here, Plaintiff has not alleged the Defendants were debt collectors, attempting to collect debts owed to another. See 15 U.S.C. § 1692(a)(6). Accordingly, Plaintiff has failed to state a claim under the FDCPA.

Further, Plaintiff fails to state a violation of § 1983.[7] Plaintiff appears to assert a violation of § 1983 on four bases: Fourth Amendment, Substantive Due Process, Equal Protection, and a Monell claim against the City. Plaintiff fails to state a cognizable claim under each theory.

First, Plaintiff appears to allege Officer Jackson violated his Fourth Amendment rights by

---

[7] It appears Plaintiff attempts to assert a § 1983 claim against the Municipal Defendants, who have not moved to dismiss Plaintiff's Fourth Amended Complaint. However, as Plaintiff filed his complaint *in forma pauperis*, pursuant to 28 U.S.C § 1915(e)(2), the Court "must dismiss, at the earliest practicable time, certain in forma pauperis . . . actions that are frivolous, malicious, [or] fail to state a claim . . . ." McNair v. Bd. of Chosen Freeholders, No. 10-1175, 2010 U.S. Dist. LEXIS 127911, at *2-3 (D.N.J. Dec. 3, 2010). See also Thompson v. Eva's Vill. & Sheltering Program, 377 F. App'x 141, 141 (3d Cir. 2010) (affirming a decision to dismiss a non-prisoner plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)).

6

conspiring "with Ms. Shihnaude Bontemps to break into my home, take property, and assault my guest." Compl. at 28. Plaintiff fails to state a cognizable claim as the allegation provides nothing more than mere labels and legal conclusions.

Second, Plaintiff appears to allege Officers Jackson and Cooley violated his Substantive Due Process rights in that they failed to "enforce the law" which resulted in Ms. Bontemps being allowed "to flee to New York State and file a bogus domestic violence claim." Id. at 29. The Complaint also alleges the officers failed to "make a complaint or issue an amber alert" for the abduction of Plaintiff's children by their mother. Id. at 30. The United States Supreme Court has been clear, however, that "nothing in the language of the Due Process clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." DeShaney v. Winnebago Cnty. Dep't of Soc. Servs., 489 U.S. 189, 195 (1989). Whereas here, Plaintiff's alleged injuries resulted from Ms. Bontemps and the mother of Plaintiff's children, Plaintiff cannot state a claim for relief, as the officers were not required under the Due Process Clause to protect Plaintiff's life, liberty, and property against invasion by private actors.

Third, whereas here, Plaintiff did not allege Municipal Defendants were motivated by Plaintiff's membership in a protected class, the only claim available under the Equal Protection Clause is that he "was arbitrarily singled out for this treatment as a 'class of one.'" Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 233 (3d Cir. 2015). A "class of one" equal protection claim arises, "where the plaintiff alleges that [he] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (citations omitted). Here, Plaintiff fails to allege he has been treated differently from others similarly situated, and thus fails to state a cognizable claim under an equal protection theory.

Fourth, Plaintiff alleges the City of Orange has "maintained a policy and practice of unlawful interference with [Plaintiff's] due process and equal protection rights because it has allowed employees to disregard legislative enactments and statutory mandates in order to accomplish their own arbitrary and self-directed agendas." Under Monell v. N.Y. City Department of Social Services., 436 U.S. 658 (1978), a city can be liable under § 1983 only for an unconstitutional policy or custom carried out by its employees. The mere conclusory allegation that the City of Orange maintained a policy which violated Plaintiff's civil rights is insufficient to state a claim upon which relief can be granted.

Accordingly, Plaintiff fails to sufficiently state a federal claim.

B.  **Subject Matter Jurisdiction**

To the extent the facts alleged in the Fourth Amended Complaint give rise to state-law claims, the Court declines to exercise supplemental jurisdiction. The basic statutory grant of federal court subject-matter jurisdiction provides for federal-question jurisdiction and for diversity of citizenship jurisdiction. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006) (citing 28 U.S.C. §§ 1331, 1332). "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." Id. Here, as Plaintiff failed to state a cognizable federal claim the Court does not have federal question jurisdiction. To invoke § 1332, Plaintiff must state "a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $ 75,000." Id. Here, as Plaintiff cannot plead complete diversity of citizenship, and does not plead any amount in controversy, the Court cannot consider this claim under diversity jurisdiction. Further, the Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) over any remaining state-law claims arising in the Fourth Amended Complaint. Accordingly, the Court dismisses Plaintiff's Fourth Amended Complaint in

its entirety for lack of subject matter jurisdiction.

### C. Plaintiff's Motion to Join Milstead

Upon receiving notice that claims against Milstead would be dismissed pursuant to FRCP 4(m) for lack of service, Plaintiff filed a motion to join Milstead as a Defendant pursuant to FRCP 19 or 20. ECF No. 45. As Milstead was already joined in this action in Plaintiff's Second Amended Complaint, this motion is improper. See ECF No. 15. In the alternative, Plaintiff seeks permission from the Court to allow late service upon Milstead. As the Court has dismissed the Fourth Amended Complaint in its entirety, this request is moot.

### D. Motion to Restore Electricity and for Preliminary Injunction

Plaintiff moves to restore electricity to the Property, which the Court construes as a request for a preliminary injunction.[8] ECF Nos. 36, 38. Plaintiff further moves for a "preliminary injunction to preserve the status quo," which appears to request a stay of the sale of the Property. ECF No. 47.

For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir.

---

[8] Plaintiff alleges the Property "was connected to electrical service," and when he "missed payment" the service was disconnected in 2014. ECF No. 38 at 14-15. Plaintiff "was later told he needed an inspection by the City of Orange for restoration of services." Id. Plaintiff has been unable to receive the required permits from Wells Fargo because of its representation that Plaintiff was not a tenant. Id. at 15. Plaintiff states "the question of tenancy is no longer an issue since" SPS alleged Plaintiff is a tenant and owes the Trust over $100,000 in an eviction action. Id.; see ECF No. 30, Ex. 7. Plaintiff further alleges that even after this, the "City of Orange still failed to issue the permit allowing restoration of electrical services," and "[t]here exists no reason not to issue the required permit, except that the Township is inexplicably aiding [SPS's] fraudulent cause of stealing [Plaintiff's] home." Id. at 15.

9

2004). However, before a court may reach these issues, it must have subject matter jurisdiction over the case.

Plaintiff appears to argue in each motion that Plaintiff is entitled to relief pursuant to his claims under the FDCPA, RICO, fraud, and municipal ordinances. As explained, *supra*, this Court no longer has federal question jurisdiction because Plaintiff has failed to state a federal claim and Plaintiff has not alleged diversity jurisdiction. The Court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c). Plaintiff's request for preliminary injunctions pursuant to a municipal ordinance or common law fraud, therefore, are denied for lack of subject matter jurisdiction.[9]

### E. Motion for Sanctions, ECF No. 38

Plaintiff alleges Moving Defendants should be sanctioned for their "deliberate and continuing fraud upon this court." ECF No. 38 at 3-4 (emphasis deleted). Plaintiff appears to support this contention with the same arguments and claims as stated in the Fourth Amended Complaint.

As a preliminary matter, Moving Defendants correctly argue Plaintiff failed to comply with Rule 11(c)(2). ECF No. 39 at 4 n.2. "The first step in a Rule 11 analysis is to determine whether the party filing the Rule 11 motion complied with the 'safe harbor' provision of Rule 11(c)(2)." Ortiz v. Auto. Rentals, Inc., No. 09-3002, 2010 U.S. Dist. LEXIS 82590, at *5 (D.N.J. Aug. 10, 2010). "If the twenty-one day period is not provided, the motion must be denied." In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 99 (3d Cir. 2008). As Plaintiff failed to provide the twenty-one day period, the motion for sanctions is denied.

---

[9] To the extent Plaintiff moves for summary judgment pursuant to Rule 56, ECF No. 47, Plaintiff's motion is denied as moot.

Moreover, the Court denies Plaintiff's motion for sanctions on the merits. The decision to grant a motion for sanctions is within the discretion of the trial judge and is awarded under Rule 11 "only in the exceptional circumstances where a claim or motion is patently unmeritorious or frivolous." Goldenberg v. Indel, Inc., No. 09-5202, 2011 WL 1134454, at *2 (D.N.J. Mar. 25, 2011) (citing Watson v. City of Salem, 934 F. Supp. 643, 662 (D.N.J. 1995); Thomas & Betts Corp. v. Richards Mfg. Co., 342 F. App'x 754, 762 (3d Cir. 2009). The standard used in the Third Circuit to determine when sanctions are appropriate is "reasonableness under the circumstances." Brubaker Kitchens, Inc. v. Brown, 280 F. App'x 174, 184 (3d Cir. 2008) (internal citations omitted). Reasonableness is "an objective knowledge or belief at the time of filing a challenged paper that the claim was well grounded in law and fact." Ford Motor Co. v. Summit Products, Inc., 930 F.2d 277, 289 (3d Cir. 1991).

As Moving Defendants have submitted documentation in support of their pleadings to the Court, including the Mortgage, Sherriff's Deed, and transcripts of the eviction actions, the Court finds their motions and filings to this Court are not patently without merit or frivolous. Accordingly, Plaintiff's motion for sanctions is denied.

### F.   Attorney's Fees

In responding to Plaintiff's motion for sanctions, Moving Defendants request that, as the prevailing party, the Court award reasonable attorney's fees incurred for the motion. ECF No. 39 at 7. Although the Court disagrees with Plaintiff's position,[10] this Court "is reluctant to impose severe sanctions upon a *pro se* Plaintiff." Ramirez v. UPS, No. 06-01042, 2011 U.S. Dist. LEXIS 120584, at *14-15 (D.N.J. Oct. 19, 2011) (collecting cases). Given Plaintiff's *pro se* status, the

---

[10] The Court is also cognizant of a previous decision by Judge Arleo dismissing with prejudice a complaint by Plaintiff based upon similar allegations, and Plaintiff's characterization of his filings with this Court as "tactics for remaining in his home." ECF No. 38 at 5.

11

Court finds Plaintiff's motion was not so frivolous as to warrant sanctions. See Kanter v. Scharf, No. 13-3157 (JLL), 2013 U.S. Dist. LEXIS 119809, at *22-23 (D.N.J. Aug. 23, 2013). However, now that Plaintiff is advised of the federal pleading standards, the Court does "caution Plaintiff against future filings in federal court with respect to the issues underlying the . . . [f]oreclosure action . . . . Should Plaintiff file another such lawsuit, he will undoubtedly expose himself to substantial sanctions." Id.

## V.     CONCLUSION

For the reasons set forth above, Moving Defendants' motion to dismiss is granted, and Plaintiff's motions to join Milstead as a defendant, to restore electricity, for a preliminary injunction, and for sanctions are denied, and the Fourth Amended Complaint is dismissed against Municipal Defendants and Milstead pursuant to 28 U.S.C. § 1915(e)(2). Accordingly, Plaintiff's federal claims for FDCPA, and federal RICO are dismissed with prejudice, the claim under § 1983 is dismissed without prejudice,[11] and the remaining state-law claims are dismissed for lack of subject matter jurisdiction. To the extent permitted by law, this decision does not preclude Plaintiff from pursuing claims in state court. An appropriate Order accompanies this Opinion.

Date: March 21, 2017

**CLAIRE C. CECCHI, U.S.D.J.**

---

[11] While the Court questions the merits of any potential claim under § 1983, in light of the liberal construction due to *pro se* litigants, the Court is not prepared to dismiss this claim with prejudice at this time.