CLERK
UNITED STATES DISTRICT COURT
NEWARK, NEW JERSEY 07101-0999

OFFICIAL BUSINESS

XERAYED

neopost
08/06/2021
US POSTAGE
$00.51
ZIP 07102
041L11246772

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 AUG 24 A 9:55

Javan Higgins
207 Heywood Ave.
Orange, NJ 07050

NIXIE 076 CE 1 7208/18/21

RETURN TO SENDER
REFUSED
UNABLE TO FORWARD

RE

BC: 07101 *0530-05866-09-43

07050$3017 CO

**Other Orders/Judgments**
2:15-cv-01409-CCC-MF
HIGGINS v. WELLS FARGO
BANK, N.A. et al **CASE CLOSED
on 03/21/2017**

CLERK
U.S. DISTRICT COURT
DISTRICT OF NEW JERSEY
RECEIVED

2021 AUG 24 A 10: 02

CLOSED,PROSE,SCHEDO

## U.S. District Court

### District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 8/5/2021 at 5:02 PM EDT and filed on 8/5/2021
**Case Name:** HIGGINS v. WELLS FARGO BANK, N.A. et al
**Case Number:** 2:15-cv-01409-CCC-MF
**Filer:**
**WARNING: CASE CLOSED on 03/21/2017**
**Document Number:** 54

**Docket Text:**
**NOTICE. Signed by Judge Claire C. Cecchi on 8/5/2021. (Notice sent to pro se via U.S. Mail) (jl, )**

**2:15-cv-01409-CCC-MF Notice has been electronically mailed to:**

JAVAN HIGGINS    Higgins659@aol.com

MICHAEL D. LIPUMA    mlipuma@lipumalaw.com

**2:15-cv-01409-CCC-MF Notice has been sent by regular U.S. Mail:**

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=8/5/2021] [FileNumber=15276888-0
] [1fc7f0bfe60dbfcf1a624109e4f02ddbdb537ae8623bb3b0d8216962c0634b0e439
73c4b00b902ad17ed183291d542b658f976d52d63eaf22f887b0e49193229]]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
CLAIRE C. CECCHI
UNITED STATES DISTRICT JUDGE



Martin Luther King Jr., Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973) 645-6664

August 5, 2021

*In re: Higgins v. Wells Fargo Bank, N.A., et al.*
*15-cv-1409*

Dear Sir/Madam,

It has recently been brought to my attention that while I presided over this case, Wells Fargo stock was held in my husband's separately managed, automated investment account. This ownership of stock neither affected, nor impacted, my decisions in this case. However, this stock ownership raises issues regarding recusal under the Code of Conduct for United States Judges.

This matter arises out of a foreclosure in State Court, wherein the State Court granted possession of certain property at issue to Defendant. On the basis of failure to state a claim and lack of subject matter jurisdiction, I dismissed Plaintiff's Fourth Amended Complaint. Plaintiff appealed that decision, however his appeal was dismissed for lack of appellate jurisdiction.

Nevertheless, Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment is entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, if you wish to respond to this disclosure, you may do so within ten (10) days of receipt of this letter. Any response will be considered by another judge of this Court without my participation.

Sincerely,

**CLAIRE C. CECCHI, U.S.D.J.**